1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   CHRIS JONATHAN EPPERSON,          Case No.  1:15-cv-935--BAM

12              Plaintiff,             ORDER DISMISSING COMPLAINT WITH
                                       LEAVE TO AMEND
13        v.                           (Doc. 1)

14                                     ORDER GRANTING APPLICATION TO
     GLOBAL AMERICAN, INC.,            PROCEED WITHOUT PREPAYMENT OF
15                                     FEES OR COSTS
              Defendant.
16                                     (Doc. 3)

17                                     ORDER DIRECTING PLAINTIFF TO RETURN
                                       CONSENT FORM
18
                                       **THIRTY-DAY DEADLINE**
19

20

21                    **INTRODUCTION**

22
            On June 22, 2015, Chris Jonathan Epperson ("Plaintiff"), appearing *pro se*, filed an
23
     application to proceed in forma pauperis.  (Doc. 3).  A review of his application reveals that
24
     Plaintiff is entitled to proceed in forma pauperis and his application is GRANTED. Plaintiff has
25
     also filed a complaint and has named Global American, Inc. as a Defendant in this action
26
     ("Defendant").  (Doc. 1). The Court has screened the complaint and orders that the complaint be
27
     dismissed with leave to amend.
28

                                        1

**DISCUSSION**

**A.**     **Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. Plaintiff's complaint, or any portion thereof, is therefore subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).   The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**B.**     **Plaintiff's Allegations**

The Court has reviewed Plaintiff's complaint pursuant to § 1915A and finds it must be dismissed.   Plaintiff's complaint, titled a "class action," consists of a short, sparse list of "allegations" against Defendant Global American Inc. for "encounter espionage" and "enevident tampeeron discreet [sic]." (Doc. 1).  Plaintiff also seeks $60 million in damages.  Plaintiff's complaint fails to allege any facts supporting his complaint; therefore, Plaintiff has failed to state

a claim upon which relief can be granted.  Plaintiff will be given an opportunity to amend his complaint and is provided with the information below to assist him with filing an amended complaint.

**C.   <u>Analysis</u>**

**i.   Rule 8**

Plaintiff's vague list of allegations and lack of any factual detail violates Rule 8 of the Federal Rules of Procedure. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (emphasis added). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (*quoting Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

Plaintiff's complaint is not "short and plain" or "simple, concise, and direct," as required by Rules 8(a) and 8(d)(1). It is impossible for the Court to assess Plaintiff's Complaint because the entire complaint consists of a list of two "allegations" for "encounter espionage" and "enevident tampeeron discreet"[sic] without any additional detail explaining what occurred and how defendant may be responsible.  (Doc. 1).  The Court simply cannot determine whether Plaintiff states a possible claim.

Therefore, in Plaintiff's amended complaint, he must allege facts and a cause of action that outlines his claims.  Simply listing the parties or causes of action is not sufficient.  Plaintiff must explain his case with specificity.  As noted above, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

### ii.      Rule 10(b)

Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a narrative in an attempt to determine the nature of a Plaintiff's claims. Thus, Plaintiff's complaint style and formatting fails to comply with Rule 10(b). In Plaintiff's amended complaint, the Court directs him to comply with Rule 10(b).

### iii.     Class Action Claims

Finally, Plaintiff cannot bring a class action. *Halet v. Wend Inv. Co*., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties) (*citing Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 80 (1978)); *Warth v. Seldin*, 422 U.S. 490, 499 (1974). Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class.  *See* Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); *see also, McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (lay person lacks

authority to appear as an attorney for others).  "[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others. Plaintiff's privilege to appear in propria persona is a "privilege . . . personal to him. He has no authority to appear as an attorney for others than himself." *McShane v. United States*, 366 F.2d at 288.

### iv.    Leave to Amend the Complaint

In light of the above, Plaintiff is given leave to amend the claims that are addressed herein.  In doing so, he shall consider the standards set forth in this order and only file an amended complaint if he believes jurisdiction is proper and his claim is cognizable. If Plaintiff chooses to file a First Amended Complaint, the document shall bear the docket number assigned in this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220.

### ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any claims upon which relief may be granted.  However, Plaintiff will be given leave to amend the complaint to cure these deficiencies.   Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a cognizable claim.

2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

3.    The Clerk of the Court is directed to mail a Consent to Magistrate Jurisdiction Form to Plaintiff.  Plaintiff shall complete the form and advise the Court whether or not he will consent to Magistrate Judge jurisdiction no later than **July 31, 2015**.

4.      **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **July 2, 2015**                                    /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE