UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>           Plaintiff,<br><br>     v.<br><br>GLOBAL AMERICAN, INC.,<br><br>           Defendant. | Case No.  1:15-cv-935--BAM<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

**SCREENING ORDER**

Plaintiff Chris Jonathan Epperson ("Plaintiff") is proceeding *pro se* and in forma pauperis in this action.  Plaintiff initiated this action on June 22, 2015, and consented to the jurisdiction of a United States Magistrate Judge on July 6, 2015. (Docs. 1, 5, 7).  On July 6, 2015, the Court screened Plaintiff's Complaint and dismissed it with leave to amend.  (Doc. 4).  Plaintiff's First Amended Complaint ("FAC") and Supplemental First Amended Complaint filed on July 13, 2015 and July 15, 2015, respectively are before the Court for screening.  Plaintiff names Global American, Inc. as the Defendant.  His FAC and supplemental complaint consist of a list of federal rules/statutes and advertisements for various computer processors and motherboards.  Plaintiff's FAC and Supplemental Complaint are DISMISSED without leave to amend.  (Docs. 8, 9).

A.     **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court applies the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

B.     **Plaintiff's Allegations**

The Court has reviewed Plaintiff's complaint and finds it must be dismissed. On July 13, 2015, Plaintiff filed his First Amended Complaint that states in a single paragraph: "specialize bio-chemist weapons against anti-terrorism within biological warfare encounter espionage around the world, enievident Tamperron Discreet." FAC at pg. 1. Attached to his FAC, is a page titled "Final Judgment Rule: Exceptions" that lists Rule 54(b), 28 U.S.C § 1292, and 28 U.S.C. § 1651 without any relevant explanation or analysis. FAC at pg 3. On July 15, 2015 and on July 23, 2015, Plaintiff supplemented his FAC with a computer printout of various computer motherboards and processors and another list of federal statues (28 U.S.C. §§ 1291, 1292, 1293, 1295, 256(b), 798(b), 1631, 2072). (Docs. 9, 11). Collectively, Plaintiff's complaint and supplemental filings consist of an incoherent paragraph, illustrations, and a list of federal statues and rules. Plaintiff fails to allege any details or facts supporting his complaint and therefore,

Plaintiff has failed to state a claim upon which relief can be granted.

## **ANALYSIS**

Plaintiff's incoherent list of allegations and lack of any factual detail violates Rule 8 of the Federal Rules of Procedure. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)

**A.     Rule 8**

Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (emphasis added). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (*quoting Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming a dismissal with prejudice for failure to comply with Rules 8(a) and 8(e), finding that both the original complaint and an amended complaint were "verbose, confusing and conclusory").

Plaintiff's First Amended Complaint and related filings fail to comply with the standards set forth in Rule 8. Plaintiff's claims are not "short and plain" or "simple, concise, and direct," as required by Rules 8(a) and 8(d)(1). Rather, the entire amended complaint consists of a list of statutes and an incoherent statement about "encounter espionage" and "enevident tampeeron discreet" without any additional detail. (Docs. 8, 9). Accordingly, Plaintiff's FAC remains as unclear as the original complaint.

**B.     Conspiracy Theories**

Plaintiff's First Amended Complaint should also be dismissed based on its patently

frivolous allegations of conspiracy theories, "bio-logical warfare" and "espionage." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, [or] obviously frivolous[.]" *Watson v. United States*, Civil Action No. 09-0268, 2009 U.S. Dist. LEXIS 11676 at *1 (D.D.C. Feb. 13, 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (internal quotation marks and citations omitted); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Best v. Kelly*, 39 F.3d 328, 330, 309 U.S. App. D.C. 51 (D.C. Cir. 1994) (dismissal for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) warranted when claims are "clearly fanciful" and "so attenuated and unsubstantial as to be absolutely devoid of merit"). Thus, such claims must be dismissed. To be dismissed on this ground, the claims in question must "be flimsier than 'doubtful or questionable'—they must be 'essentially fictitious.'" *Best v. Kelly*, 39 F.3d at 330 (*quoting Hagans v. Lavine*, 415 U.S. at 536-37). Claims that are essentially fictitious include those that allege "bizarre conspiracy theories,…fantastic government manipulations of [the] will or mind, [or] any sort of supernatural intervention." *Best v. Kelly*, 39 F.3d at 330.

Here, even a cursory review of the complaint reveals that Plaintiff's claims are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2), because they are based on indisputably meritless legal theories and on factual contentions that are clearly baseless. *Neitzke,* 490 U.S. at 327-28. Plaintiff's allegations of "bio-logical warfare" and "encounter espionage" are the type of "bizarre" and "implausible" claims that are subject to dismissal for lack of jurisdiction. *See Best v. Kelly*, 39 F.3d at 330-331 (finding that claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention"); *see also Schultz v. Krause*, 2011 U.S. Dist. LEXIS 143370 (E.D. Cal. Dec. 12, 2011) (dismissing a claim as bizarre and unusual the plaintiff's claims that defendants scanned her computer and put a GPS tracking device on her car); *Bivolarevic v. United States CIA*, No: C 09-4620 SBA, 2010 U.S. Dist. LEXIS 33028 (N.D. Cal. Mar. 5, 2010)

4

(dismissing as frivolous the plaintiff's claims that the CIA had subjected her to "voice to skull" technology for many years); *Newby v. Obama*, 681 F. Supp. 2d 53 (D. D.C. 2010) (dismissing as frivolous claims that President George W. Bush and his agents stalked plaintiff and caused a Kinko's employee to shut down the copying machines to prevent her from filing a mandamus application to enjoin the Senate); *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009) ("[C]laims relating to alleged government surveillance and harassment of her are the type of 'bizarre conspiracy theory' that warrant dismissal under Rule 12(b)(1).").

Plaintiff's claims are based on theories that are "essentially fictitious," and therefore the Court will dismiss this entire case, for lack of subject matter jurisdiction. *See Best*, 39 F.3d at 330. Further, Plaintiff's allegations have no arguable basis in law or fact and this deficiency cannot be cured by amendment. Therefore, Plaintiff's Complaint shall be DISMISSED WITHOUT LEAVE TO AMEND.

## CONCLUSION AND ORDER

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies of his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a claim.

All pending motions, if any, are terminated.  The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  **October 13, 2015**            /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE